# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RYAN SHAFIK, et al.,** | : | Civil No. 1:09-CV-2469 |
| **Plaintiffs,** | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **JOHN F. CURRAN, III,** | : | |
| **Defendant.** | : | |

## MEMORANDUM OPINION

### I.  Factual Background

The above-captioned case was referred to the undersigned upon the retirement of United States Magistrate Judge J. Andrew Smyser.  On August 16, 2011, Judge Smyser entered judgment in favor of the plaintiffs and against the defendant, Curran, in the amount of $28,000.00.  Contrary to the defendant's current assertions, this judgment was affirmed by the court of appeals on September 26, 2012.

Following the initial entry of this judgment in August 2011, the plaintiffs attempted to engage in discovery in aid of execution of this judgment.  The plaintiffs reported to Judge Smyser that these efforts were stymied at numerous turns by the defendant, who failed to provide requested discovery.  A hearing was held on this

1

matter on June 11, 2012. Following this hearing, on June 18, 2012, Judge Smyser entered an order finding Curran in contempt. (Doc. 130) This order noted conflicts between the testimony of Curran and another witness in these contempt proceedings, an accountant, Mark Zinnamosca, and resolved this credibility issues against Curran. (Id.) However, more fundamentally, Judge Smyser found Curran in contempt for reasons entirely independent of any credibility contest between Curran and Zinnamosca. As Judge Smyser observed: "Even apart from the issue whether Zinnamosca is telling the truth, and we find that he is, we find that the defendant is knowingly evading answering questions about his assets. Specifically, we find that the defendant can provide information about, at the very least, his foreign bank accounts, his separation agreement, and the judgment that he asserts that he received in North Carolina. We will hold the defendant in contempt of court for failing to provide such information." (Id., pp. 12-13.)

More than one year then elapsed, until July 8, 2012, when Curran filed a motion to set aside this judgment. (Doc. 150) Ignoring Judge Smyser's independent findings that Curran had concealed financial information from the plaintiffs, and misstating the procedural history of the case, Curran–who was also under indictment in the United States District Court for the District of Maryland on various fraud charges, United States v. Curran, No. RDB 11-687 (D.Md)–cited to an alleged

discrepancy between the testimony of Zinnamosca before a federal grand jury and Zinnamosca's testimony in this contempt hearing, to attack Zinnanmosca's credibility, and seek to set aside this judgment.

This motion has been fully briefed by the parties, (Docs. 151, 153 and 154), and is ripe for resolution. For the reasons set forth below, the motion will be denied.

## II. Discussion

Rule 60 of the Federal Rules of Civil Procedure provides, in part, as follows:

**(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.**

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons;

**(1)** mistake, inadvertence, surprise, or excusable neglect;

**(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

**(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

**(4)** the judgment is void;

**(5)** the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

**(6)** any other reason that justifies relief.

**(c) Timing and Effect of the Motion.**

**(1)** *Timing.* A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

Fed. R. Civ. P., Rule 60(b) and (c).

As the text of this rule implies, decisions regarding whether to re-open cases under Rule 60, rest "within the discretion of the trial court [although] [i]t is the trial judge's duty to construe the rule liberally in order to work substantial justice between the parties." Home Box Office, Inc. v. Spectrum Electronics, Inc., 100 F.R.D. 379, 382 (E.D. Pa. 1983). In exercising this discretion, "the court must balance the ends of justice on the one hand, . . . , and the public interest in the finality of judgments on the other." Aetna Cas. & Sur. Co. v. Home Ins. Co., 882 F. Supp. 1355, 1356 (S.D.N.Y. 1995). Because one of the cardinal considerations in assessing a Rule 60 motion is the public interest in the finality of judgments, Rule 60 motions must be made in a timely fashion. As the Rule itself states: "A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P., Rule 60(c). Further, "[t]his time limit is jurisdictional and cannot be extended." Arrieta v. Battaglia, 461 F.3d 861, 864 (7th Cir. 2006). Therefore, the court generally may not entertain untimely motions to re-open a judgment made

4

pursuant to Rule 60(b)(1)-(3). Radack v. Norwegian Am. Line Agency, Inc., 318 F.2d 538 (2d Cir. 1963). Finally, a flawed appeal will not toll the one-year deadline. See King v. First Am. Investigations, Inc., 287 F.3d 91, 94 (2d Cir. 2002).

Beyond these procedural safeguards, Rule 60(b)(3) motions must also meet certain substantive thresholds. "Rule 60(b)(3) provides for relief from a final judgment where there has been 'fraud ..., misrepresentation, or other misconduct of an adverse party.' To prevail, the movant must establish that the adverse party engaged in fraud or other misconduct, and that this conduct prevented the moving party from fully and fairly presenting his case. See Rozier v. Ford Motor Co., 573 F.2d 1332, 1341 (5th Cir.1978). Failure to disclose or produce evidence requested in discovery can constitute Rule 60(b)(3) misconduct. See Montgomery v. Hall, 592 F.2d 278, 279 (5th Cir.1979)." Stridiron v. Stridiron, 698 F.2d 204, 206-07 (3d Cir. 1983). Further, the court of appeals has: "declared general principles applicable to a 60(b)(3) motion. For example, in Brown v. Pennsylvania Railroad Company, 282 F.2d 522 (3d Cir.1960), we stated that '[i]n order to sustain the burden of proving fraud and misrepresentation under Rule 60(b)(3), the evidence must be clear and convincing.' Id. at 527. See also Anderson v. Cryovac, Inc., 862 F.2d 910, 923 (1st Cir.1988) (noting need for 'clear and convincing evidence' under 60(b)(3)). In Seaboldt v. Pennsylvania Railroad Company, 290 F.2d 296, 299 (3d Cir.1961), we

5

recognized that relief under Rule 60(b)(3) may be warranted, even though the newly disclosed evidence may not change the result, if such evidence 'would have made a difference' in advancing the moving party's claim. Distilling these cases in <u>Stridiron v. Stridiron</u>, 698 F.2d 204 (3d Cir.1983), we instructed that '[t]o prevail [under Rule 60(b)(3) ], the movant must establish that [1] the adverse party engaged in fraud or other misconduct, and [2] this conduct prevented the moving party from fully and fairly presenting his case.' <u>Id</u>. at 207." <u>Floorgraphics Inc. v. News Am. Mktg. In-Store Servs., Inc.</u>, 434 F. App'x 109, 111-12 (3d Cir. 2011).

Applying these benchmarks, Curran's motion fails for a host of reasons. First, the motion is untimely, having been filed more than a year after entry of the order challenged by Curran. Recognizing that "[t]his time limit is jurisdictional and cannot be extended," <u>Arrieta v. Battaglia</u>, 461 F.3d 861, 864 (7th Cir. 2006), Curran's failure to timely file this motion bars consideration of this request.

More fundamentally, the motion fails on its merits on at least three scores. First, we have examined the grand testimony excerpts offered by Curran in support of his motion, and we find that the alleged contrasts between Zinnamosca's testimony at the contempt hearing before Judge Smyser, and his statements before the grand jury, simply are not material. Rather, these alleged discrepancies are merely cumulative of a claim that was previously thoroughly presented by Curran, who

challenged Zinnamosca's credibility in the hearing conducted by Judge Smyser. Therefore, this cumulative evidence is far from "clear and convincing," the quantum of proof needed to sustain a Rule 60(b)(3) motion, where "the evidence must be clear and convincing." Brown v. Pennsylvania Railroad Company, 282 F.2d 522, 527(3d Cir.1960).

Second, Curran makes no showing that the opposing party was aware of this alleged discrepancy or had possession of this grand jury testimony at the time of the June 2012 hearing. Indeed, given the secrecy that attaches to such testimony, see Rule 6(e), Federal Rules of Criminal Procedure, the opposing party could not have known of any alleged discrepancies between Zinnamosca's hearing testimony and his statements before the grand jury. Thus, Curran's motion does not demonstrate any culpable conduct on the part of the plaintiffs, or their counsel. This, too, is a fatal flaw in Curran's motion since "[t]o prevail, the movant must establish that *the adverse party engaged in fraud or other misconduct*, and that this conduct prevented the moving party from fully and fairly presenting his case. See Rozier v. Ford Motor Co., 573 F.2d 1332, 1341 (5th Cir.1978)," Stridiron v. Stridiron, 698 F.2d 204, 206-07 (3d Cir. 1983). Here, we find that Curran's proffered proof utterly fails to show any culpable misconduct by the plaintiffs, or their counsel, a second essential

prerequisite to a successful Rule 60(b)(3) motion. Therefore, the motion must be denied.

Finally, Curran's motion–which focuses on the credibility contest that Curran waged between himself and Zinnamosca in June 2012– ignores the immutable fact that Judge Smyser concluded that: "Even apart from the issue whether Zinnamosca is telling the truth, . . . , we find that the defendant is knowingly evading answering questions about his assets. Specifically, we find that the defendant can provide information about, at the very least, his foreign bank accounts, his separation agreement, and the judgment that he asserts that he received in North Carolina. We will hold the defendant in contempt of court for failing to provide such information." (Doc. 130, pp. 12-13)

Thus, at bottom, Judge Smyser found against Curran because he concluded that Curran was mendacious in his answers on an array of material matters. Nothing about a further attack upon the credibility of Mr. Zinnamosca can disturb in any way Judge Smyser's well-founded conclusion that the Mr. Curran was not truthful. Since this sanctions decision rested upon this basic determination by Judge Smyser that Mr. Curran had been less than candid, we cannot say that further efforts at impeaching Zinnamosca "'would have made a difference' in advancing the moving party's claim." Floorgraphics Inc. v. News Am. Mktg. In-Store Servs., Inc., 434 F. App'x 109, 111-

12 (3d Cir. 2011). Indeed, we are constrained to note that Curran's misstatements in the current motion regarding the procedural posture in this case, including his inaccurate statement that this matter remains pending before the court of appeals, simply serve to further undercut his credibility, and underscore the accuracy of Judge Smyser's prior determination that Curran was not a consistent truth-teller. Therefore, for all of the foregoing reasons, Curran's Rule 60(b)(3) motion fails on its merits.

An appropriate order will issue.[1]

*S/Martin C. Carlson*
United States Magistrate Judge

Date: October 28, 2013

---

[1] The plaintiff's response to Curran's motion also appears to seek additional sanctions from the defendant. We will deny this request, which is made in a response to Curran's motion, but we do so without prejudice to the plaintiffs filing a motion for further sanctions.